# EXHIBIT "A"

Plaintiff's Complaint

# EXHIBIT "A"

3884666v1

Electronically Filed
3/2/2022 10:50 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
SAMANTHA A. MARTIN, ESQ
Nevada Bar No. 12998
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: Samantha.Martin@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-22-849064-C
Department 26

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TERESITA VELASQUEZ, individually;<br><br>　　　　Plaintiffs,<br>vs.<br><br>SAMUEL WINGARD, individually; RUSH TRUCK LEASING, a Foreign Corporation; HEAVEN ON EARTH MOVING SERVICES, a Foreign Limited Liability Company; DOE DEFENDANT 1 – 10, ROE CORPORATIONS 1 – 10 inclusive,<br><br>　　　　Defendants. | CASE NO.<br>DEPT. NO.<br><br>**COMPLAINT** |

Plaintiff, TERESITA VELASQUEZ individually, by and through his attorneys of record, hereby complains against Defendants SAMUEL WINGARD, individually; RUSH TRUCK LEASING, a Foreign Corporation; HEAVEN ON EARTH MOVING SERVICES, individually, as follows:

**GENERAL ALLEGATIONS**

1. That Plaintiff, TERESITA VELASQUEZ (hereinafter "Plaintiff TERESITA"), is, and at all times mentioned herein, was, a resident Clark County, State of Nevada.

2. That Defendant SAMUEL WINGARD (hereinafter "Defendant WINGARD") is, and at all times mentioned herein, was a resident of the City of Atlanta, State of Georgia and was operating a motor vehicle on Clark County roadways thereby subjecting him to the rules and regulations of the State of Nevada, County of Clark.

Page 1 of 6



3. That Defendant RUSH TRUCK LEASING (hereinafter "Defendant RUSH"), is, and at all times mentioned herein, was a Delaware Corporation licensed to and doing busienss in Clark County, State of Nevada.

4. That Defendant HEAVEN ON EARTH MOVING SERVICES (hereinafter "Defendant HEAVEN ON EARTH"), is, and at all times mentioned herein, was a Louisiana Corporation operating on Clark County roadways thereby subjecting themselves to the rules and regulations of the State of Nevada, County of Clark.

5. That the true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

6. That at all times pertinent, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

7. That on October 16, 2020, in Clark County, Nevada Plaintiff TERESITA was operating a 2006 Lexus IS 250 eastbound on IR 215

8. That upon information and belief and at all times relevant hereto, Defendant WINGARD was operating a 2020 Peterbuilt Semitruck owned by Defendant RUSH (hereinafter "the WINGARD Vehicle") eastbound on IR 215.

9. That upon information and belief, and at all times mentioned herein, Defendant WINGARD was an employee of Defendant HEAVEN ON EARTH and was acting in the course and scope of such employment.

10. That Defendant HEAVEN ON EARTH is responsible for the acts of its employee, Defendant WINGARD, as described herein, under the doctrine of respondeat superior.

11. That on October 16, 2020, in Clark County, Nevada Defendant WINGARD failed to use due care and caution while operating the WINGARD Vehicle upon the roadway, thereby causing a collision with the vehicle driven by Plaintiff TERESITA.

12. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs sustained injuries to their shoulders, back, bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.

13. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

14. That as a direct and proximate result of the negligence of all Defendants, Plaintiff has been required to, and will in the future have limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

15. That as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**
**Negligence Defendant WINGARD**

16. Plaintiff incorporates paragraphs 1 through 15 of the Complaint as though said paragraphs were fully set forth herein.

17. Defendant WINGARD owed Plaintiff a duty of care to operate the WINGARD Vehicle in a reasonable and safe manner.

18. Defendant breached that duty of care when he negligently attempted to change lanes on eastbound IR215 without first ascertaining that it was safe to do so, thereby causing or contributing to a collision with Plaintiff and her vehicle.

19. The acts of Defendant, as described herein, violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiff is of the class and type of person the statute was intended to protect.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff has been damaged in an amount in excess of $15,000.00.

## SECOND CAUSE OF ACTION
### Negligent Entrustment Defendant RUSH

21. Plaintiff incorporates paragraphs 1 through 20 of the Complaint as though said paragraphs were fully set forth herein.

22. At all times mentioned herein, Defendant RUSH was the owner of, or had custody and control of, the WINGARD Vehicle.

23. That Defendant RUSH did entrust the WINGARD Vehicle to the control of Defendant WINGARD.

24. That Defendant WINGARD was incompetent, inexperienced, or reckless in the operation of the WINGARD Vehicle.

25. That Defendant RUSH actually knew, or in the exercise of reasonable care, should have known, that Defendant WINGARD was incompetent, inexperienced or reckless in the operation of motor vehicles.

26. That Plaintiff was injured as a proximate case of the negligence and incompetence of Defendant WINGARD, concurring with the negligent entrustment of the WINGARD Vehicle by Defendant RUSH.

27. As a direct and proximate result of the negligent entrustment of the WINGARD Vehicle by Defendant RUSH to Defendant WIGNARD, Plaintiff has been damaged in an amount in excess of $15,000.00.

## THIRD CAUSE OF ACTION
### Responeat Superior Defendant HEAVEN ON EARTH

28. Plaintiff incorporates paragraphs 1 through 27 of the Complaint as though said paragraphs were fully set forth herein.

29. Upon information and belief and at all times mentioned herein, Defendant WINGARD was an employee, agent or joint venturer of Defendant HEAVEN ON EARTH.

30. That upon information and belief and at all times mentioned herein, Defendant WINGARD was acting in the course and scope and at the direction of Defendant HEAVEN ON EARTH.

31. That Defendant WINGARD's actions and his reason for being on the Las Vegas roadways on October 16, 2020 were for the benefit of his employer HEAVEN ON EARTH.

32. That upon information and belief, while Defendant WINGARD was in the course and scope of his employment and acting for the benefit of his employer, Defendant HEAVEN ON EARTH, he acted negligently on the Las Vegas valley roadways, causing a collision with Plaintiff and her vehicle.

33. That Plaintiff was injured as a proximate case of the negligence and incompetence of Defendant WINGARD, concurring with the negligence of the Defendant HEAVEN ON EARTH.

34. As a direct and proximate result of the negligence of Defendant WINGARD combined with the negligence of Defendant HEAVEN ON EARTH, Plaintiff has been damaged in an amount in excess of $15,000.00.

///

///

///

///

///

///

///



WHEREFORE, Plaintiffs, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiffs, and each of them, in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiffs, and each of them, in an amount in excess of $15,000.00;

3. For property damages sustained by Plaintiffs;

4. For reasonable attorney's fees and costs;

5. For interest at the statutory rate; and

6. For such other relief as the Court deems just and proper.

DATED this 2nd day of March, 2022.

THE RICHARD HARRIS LAW FIRM

/s/ *Samantha A. Martin*

_____
SAMANTHA A. MARTIN, ESQ.
Nevada Bar No. 12998
801 South 4th Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff